
Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 8506 | **DATE** | 4/16/2001 |
| **CASE TITLE** | Spencer vs. National Railroad Passenger Corp., | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 4/27/01 at 10:00 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order granting defendants' motions to dismiss plaintiff's complaint (6-1, 7-1 and 8-1) . All claims against defendants, National Railroad Passenger Corp. and Bud Newhouse are, therefore, dismissed . Defendant Miller did not move to dismiss the Fourth Amendment claim against him, so that claim stands. Pretrial conference set for 4/20/01 and trial set for 5/7/01 are vacated.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | 2 number of notices |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | | APR 17 |
| | Notified counsel by telephone. | | date docketed |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | | docketing deputy initials |
| | Copy to judge/magistrate judge. | | 4/16/2001 date mailed notice |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials |

Document Number 20

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| AMBER NICOLE SPENCER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 99 C 8506 |
| NATIONAL RAILROAD PASSENGER CORP., BUD NEWHOUSE, VERN MILLER, | ) ) ) ) |
| Defendants. | ) |

DOCKETED APR 1 7 2001

## MEMORANDUM OPINION AND ORDER

On November 19, 1999, Amber Nicole Spencer was handcuffed and detained at Union Station in Chicago, Illinois, as she stepped off of an Amtrak train. As the train pulled into the station, Bud Neuhaus, an Amtrak train conductor, identified Ms. Spencer to Vern Miller, an Amtrak police officer, as someone who had assaulted another passenger on the train. Mr. Miller handcuffed Ms. Spencer as she stepped off of the train onto the platform. He gave no explanation, did not announce his office, and did not announce any charges against Ms. Spencer. At some point after Ms. Spencer's arrest, another passenger was arrested and identified by another Amtrak conductor as the real offender. Ms. Spencer was then released. Ms. Spencer sued Neuhaus, Miller, and Amtrak for Fourth, Sixth and Fourteenth Amendment violations under 42 U.S.C. § 1983. Mr. Neuhaus moves to dismiss on the grounds that he did not act under color of state law, and Amtrak moves to dismiss on the

grounds that it cannot be liable on the theory of *respondeat superior*. All parties move to dismiss the Sixth Amendment claim for failure to state a claim. I grant all of the motions to dismiss, but Mr. Miller did not move to dismiss the Fourth Amendment claim against him, so that claim stands.

I.

A motion to dismiss for failure to state a claim is not to be granted unless the face of the plaintiff's pleadings show beyond doubt that she cannot prove any set of facts that would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). On a motion to dismiss, I accept all well-pleaded factual allegations of the plaintiff as true and draw all reasonable inferences from those facts in favor of the plaintiff. *Colfax Corp. v. Illinois State Toll Highway Auth.*, 79 F.3d 631, 632 (7th Cir. 1996). "The issue is not whether a plaintiff will ultimately prevail but whether she is entitled to offer evidence to support the claims." *Sapperstein v. Hager*, 188 F.3d 852, 855 (7th Cir. 1999) (citations omitted).

II.

Ms. Spencer has brought a § 1983 civil rights action against Miller, Neuhaus, and Amtrak.[1] To establish liability under § 1983, a party must show that the conduct complained of (1) was committed

---

[1] When Amtrak acts pursuant to its statutorily granted police power, it is a state actor for the purposes of § 1983. *See Jacobson v. National Railroad Passenger Corp.*, No. 97 C 6012, 1999 WL 1101299, at *5 (N.D. Ill. Nov. 29, 1999).

2

by a person acting under color of state law, and (2) deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States. *Yang v. Hardin*, 37 F.3d 282, 284 (7th Cir. 1994) (citations omitted).

A.

Neither Amtrak nor Mr. Neuhaus are liable on any claims brought by Ms. Spencer. Ms. Spencer may not maintain a claim against Amtrak based on *respondeat superior*. *See Lojuk v. Quandt*, 706 F.2d 1456, 1468 (7th Cir. 1983). In order to recover under § 1983, Ms. Spencer must establish a defendant's personal responsibility for the claimed deprivation of her constitutional rights. *Id.* Because she has not alleged that Amtrak did anything other than employ Messrs. Neuhaus and Miller, I dismiss all claims against the railroad. Similarly, I dismiss all claims against Mr. Neuhaus. He identified her, but he did not arrest her and hence he was not personally involved in any alleged violation of her constitutional rights. "An individual cannot be held liable in a § 1983 action unless he caused or participated in [the] alleged constitutional deprivation." *Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000). Moreover, according to the complaint Mr. Neuhaus merely identified Ms. Spencer to Mr. Miller, and was therefore not acting under color of law. *See Hughes v. Meyer*, 880 F.2d 967, 972 (7th Cir. 1990) (holding that a state game warden who provided information to arresting officers on the nature of

defendant's actions leading to the arrest was not acting under authority of state law but acting as a private citizen). Ms. Spencer fails to state a claim against Mr. Neuhaus.

B.

Officer Miller is a police officer with Amtrak, and Illinois law confers police powers on him. 610 ILCS 80/2. Railroad police are thereby "cloaked with the authority of the state" and they act under color of state law. *United States v. Hoffman*, 498 F.2d 879, 881 (7th Cir. 1974). Ms. Spencer has sufficiently alleged that Officer Miller acted in his railroad police capacity, so I may reach her constitutional claims against him.

Ms. Spencer alleges that Officer Miller violated her Sixth Amendment rights because he did not inform her of the nature and basis of the accusation against her when he handcuffed her and detained her on the platform of the station. However, her Sixth Amendment rights were not triggered at the time Officer Miller detained her. *See Kladis v. Brezek*, 823 F.2d 1014, 1018 (7th Cir. 1987) (holding that Sixth Amendment rights do not come into play until the government has committed itself to prosecution). In *Kladis*, the police arrested the defendant and took him to the police station without telling him why and released him without filing charges. *Id.* at 1016. The court held that neither the Sixth nor the Fourth Amendments afforded Kladis the right to be informed of the reason of his arrest because "the government [had

4

not] committed itself to prosecution." *Id.* at 1018. Here, the state was not committed to prosecuting Ms. Spencer and, unlike Kladis, Ms. Spencer was not even removed from the place of her arrest to the police station. Her Sixth Amendment claim is dismissed.

Ms. Spencer also alleges that Mr. Miller violated her Fourteenth Amendment substantive due process rights. In order to state a claim for a substantive due process violation, Ms. Spencer would have to allege that Miller's conduct was so arbitrary that it "shocks the conscience and violates the decencies of civilized conduct." *Khan v. Gallitano*, 180 F.3d 829, 836 (7th Cir. 1999). Ms. Spencer alleges that she was treated roughly, but that is not enough to make out a Fourteenth Amendment claim. The motions to dismiss are GRANTED.

ENTER ORDER:

*Elaine L. Bucklo*

---

**Elaine E. Bucklo**
United States District Judge

Dated: April 16, 2001

Copies have been mailed to:

David A. Culpepper
Attorney at Law
417 S. Dearborn Street, #200
Chicago, IL  60605

Attorney for Plaintiff

Susan K. Laing
Anderson, Bennett & Partners
55 E. Monroe Street, #3650
Chicago, IL  60603

Attorney for Defendants